1  McGREGOR W. SCOTT
   United States Attorney
2  BOBBIE J. MONTOYA
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814-2322
4  Telephone: (916) 554-2775

5  Attorneys for Plaintiff
   United States of America

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )    2:05-CV-00613-WBS-PAN
                                     )
12               Plaintiff,          )    CONSENT JUDGMENT (PURSUANT TO
                                     )    STIPULATION)
13          v.                       )
                                     )
14  WILLIAM G. BELL,                 )
                                     )
15               Defendant.          )
    _____)
16

17          Pursuant to the Settlement Agreement; Stipulation for Consent Judgment between plaintiff

18  United States of America and defendant William G. Bell, D.C., filed herein on July 13, 2005

19  (hereinafter referred to as "Stipulation"), the Court finds:

20          In order to settle the above-captioned civil action, plaintiff United States of America and

21  defendant William G. Bell, D.C. (hereinafter referred to as "Debtor") agreed as follows:

22          1.  **Default on HEAL**.  By letter dated March 29, 2004, the Debtor was notified by the

23  United States Department of Health and Human Services ("HHS"), Program Support Center

24  ("PSC"), of the default on a Health Education Assistance Loan (HEAL) resulting from the Debtor's

25  failure to repay the loan in accordance with the agreed upon terms.  The PSC notice demanded

26  repayment.  The Debtor failed to respond to this notice.  Therefore, as required by 42 U.S.C. §

27  1395ccc(a)(3), PSC referred the matter to the United States Attorney for collection.  Agreement

28  at ¶ 2.

1

2. **Exclusion Under 42 U.S.C. §§ 1320a-7(b)(14) and 1395ccc(a)(3).** By letter dated April 27, 2005, HHS notified the Debtor that, due to the failure to repay the HEAL debt, the Debtor was subject to exclusion from participation in the Medicare, Medicaid and all other Federal health care programs. *See* 42 U.S.C. §§ 1320a-7(b)(14) and 1395ccc(a)(3). This exclusion, if imposed, would remain in effect until the HEAL debt is completely satisfied. Said letter also advised the Debtor that the exclusion, if imposed, would have national effect and would apply to all other Federal procurement and non-procurement programs and activities. By said letter, the Debtor was given the opportunity to contact the United States Attorney's Office and resolve the Debtor's delinquent indebtedness. Agreement at ¶ 3.

3. **Indebtedness and Consent Judgment.** As of July 1, 2005, the total amount of the debt owed by the Debtor for HHS Claim Number HHRS-50063161 is $20,007.63 (Twenty Thousand Seven and 63/100 Dollars) (hereinafter "debt"), which includes the principal, accrued interest and late payment charges, if any. The Debtor agreed to have Judgment entered against him for the total amount of his indebtedness. Accordingly, as part of the Agreement, the parties agreed that interest shall accrue at the post-judgment interest rate applicable to judgments entered in federal court as provided by 28 U.S.C. § 1961. Agreement at ¶ 5.

4. **Payment Schedule.** The Debtor agreed to make payments of at least $375.00 (Three Hundred Seventy-Five Dollars) per month, due on the 15th day of each month, beginning on August 15, 2005, and continuing at such monthly amount until the Debtor is notified otherwise by amendment to the Agreement issued by the U.S. Department of Justice ("DOJ"). This payment schedule will be evaluated at least annually and may be modified based on the documented financial condition of the Debtor. The Debtor agreed to submit in a timely manner each year any and all financial documentation required by DOJ. Agreement at ¶ 6.

a. All payments shall be made payable to: "U.S. Department of Justice" and mailed to: United States Attorney's Office, attention: Financial Litigation Unit, 501 I Street, Suite 10-100, Sacramento, California 95814, unless and until directed otherwise in writing by the United States Attorney's Office. Agreement at ¶ 6.a.

////

2

5. **Status of Exclusion Pending Compliance with the Agreement.**  In consideration of the Debtor's agreement to satisfy the underlying loan obligation through regular payments, pursuant to the terms in paragraph 6, HHS will suspend its pursuance of the exclusion of the Debtor's eligibility to receive reimbursement from Medicare, Medicaid and other Federal health care programs, as defined in 42 U.S.C. § 1320a-7b(f).  Agreement at ¶ 7.

6. **Default on Agreement.**  Should a default on the Agreement occur, the United States may take any steps authorized by law to enforce its Judgment, as provided for in paragraph 5.  In addition, should a default on the Agreement occur, the Debtor's case will be referred to HHS's Office of the Inspector General ("OIG") for exclusion from participation in the Medicare, Medicaid and all other Federal health care programs until the entire Judgment amount and all accrued interest, as specified in paragraph 5, have been paid in full to the satisfaction of the PSC and the OIG.  Agreement at ¶ 8.

7. **Bankruptcy.**  As further consideration to induce the United States to enter into the Agreement, the Debtor agreed that if a voluntary or involuntary bankruptcy is commenced by or against the Debtor, then the imposition of the exclusion prior to the bankruptcy is not subject to the automatic stay imposed by 11 U.S.C. § 362(a).  The Debtor also agreed not to oppose or otherwise object to any motion filed by the United States seeking relief from or modification to the automatic stay imposed by 11 U.S.C. § 362(a) with regard to imposition of the exclusion prior to the bankruptcy.  Agreement at ¶ 9.

a. The Debtor further agreed that the Debtor's failure to comply with the Agreement, including but not limited to the payment terms in paragraph 6, is not excused by the commencement of the bankruptcy by or against the Debtor, and will be considered a default on the Agreement for purposes of paragraph 8, notwithstanding the commencement of the bankruptcy.  Agreement at ¶ 9.a.

8. **Severability Clause.**  In the event any parts of the Agreement are found to be void, the remaining provisions of the Agreement shall nevertheless be binding with the same effect as though the void parts were deleted.  Agreement at ¶ 10.

9. **Effect of the Agreement.** The Agreement contains a complete description of the settlement between the parties.  All material representations, understandings and promises of the parties concerning the repayment of the debt are contained in the Agreement.  Any modifications to

1    the Agreement  must be set forth in writing and signed by all parties.  Agreement at ¶ 11.

2              a.  The Debtor represented that he entered into the Agreement with full knowledge of

3    the events described therein.  The Debtor further represented that he voluntarily entered into the

4    Agreement in order to settle the above-captioned civil action.  Agreement at ¶ 11.a.

5         Based upon the above findings and the stipulation for consent judgment entered into between

6    the parties, and the Court being otherwise fully advised in the premises, it is hereby

7         ORDERED AND ADJUDGED:

8         That the Court adopts the Settlement Agreement; Stipulation for Consent Judgment entered

9    into by and between the parties and Consent Judgment is hereby entered in accordance therewith.

10        IT IS SO ORDERED.

11

12   DATED: July 14, 2005

13

14                                               WILLIAM B. SHUBB
                                                 UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28